IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 19-cv-00140-PAB
(Criminal Case No. 16-cr-00022-PAB)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTHONY MICHAEL SALAZAR,

      Defendant/Movant.

---

## ORDER TO SHOW CAUSE
_____

      Movant, Anthony Michael Salazar, has filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (§ 2255 Motion)  [Docket No. 42].[1] The Court must construe the motion liberally because Mr. Salazar is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Movant will be ordered to show cause why his claims should not be dismissed.

## I. PROCEDURAL HISTORY

      On March 16, 2015, Movant was placed on supervision by the United States District Court for the District of Utah.  Docket No. 22.  Following a conviction for Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a), Movant was

---

[1] An identical § 2255 motion was filed on January 18, 2019.  Docket No. 43.

sentenced to a 12-month term of imprisonment followed by five years of supervised release.  Docket No. 1-2.  Supervision commenced in the District of Utah on July 22, 2015 and was transferred to the District of Colorado on January 15, 2016.  Docket No. 1.  On September 20, 2016, a United States Probation Officer filed a Superseding Petition Due to Violations of Supervision ("Petition").  Docket No. 22.  The Petition alleged five violations, including, *inter alia*, Violation of Law, a Grade B violation of supervised release under United States Sentencing Guidelines Section 7.  *Id.* at 3.  The Violation of Law was "Certain Activities Relating to Material Constituting or Containing Child Pornography in violation of 18 U.S.C § 2252A."  *Id.*  Movant admitted to the alleged Violation of Law.  Docket Nos. 38, 40.  On March 6, 2017, he was sentenced to a 60-month term of imprisonment, to be followed by a five-year term of supervised release.  Docket No. 40.   Movant did not file a direct appeal.

Movant filed his § 2255 Motion on January 15, 2019.  Docket No. 42.  In the Motion, he asks the Court to vacate the period of supervised release on the basis that the Court had no jurisdiction to impose it.  *Id.* at 3.  Specifically, Movant asserts that "[t]he revocation of [his] supervised release was a continuation of the original criminal action, not a separate proceeding" and, therefore, "the court could not impose another five years supervised release after imposing a five year sentence after revoking his supervised release."  *Id.* at 9.  In the alternative, Movant argues that his conditions of supervised release must be modified.  *Id.* at 10-23.

## II.  ANALYSIS

### A. Timeliness

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Movant did not file a direct appeal, his conviction became final, under § 2255(f)(1), on March 20, 2017, fourteen days after the judgment was entered on March 6, 2017. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment). The one-year limitation period expired on March 20, 2018. S*ee United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)). Consequently, the § 2255 motion, filed on January 15, 2019, is untimely,[2] unless equitable tolling applies.

---

[2] Movant does not allege any facts in the § 2255 Motion to show that the one-year limitation period should be deemed to have commenced at a later date pursuant to one of the other subsections of § 2255(f).

The statutory limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if a movant can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Grealish*, No. 13-4182, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)). The movant must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted). The movant bears the burden of demonstrating that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also U.S. v. Garcia-Rodriguez*, No. 07-8077, 275 F. App'x 782, 784 (10th Cir. April 28, 2008) (unpublished) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

Equitable tolling also may be appropriate based on actual innocence. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Movant will be directed to show cause why the § 2255 Motion should not be denied as untimely.

## B. <u>Procedural Default</u>

Generally, "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United*

*States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994); *see also United States v. Zander*, No. 17-4101, 723 F. App'x 617, 619 (10th Cir. Feb. 9, 2018) (unpublished) (same) (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)). Cause may be shown if "the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A movant may establish a fundamental miscarriage of justice with "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

The district court in a § 2255 action may raise and enforce procedural defenses *sua sponte* if doing so furthers "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992). However, the movant must be given an opportunity to respond. *Warner*, 23 F.3d at 291; *Hines*, 971 F.2d at 509. *Accord* Day v. *McDonough*, 547 U.S. 196, 209 (2006) (holding that "the district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," so long as the court provides the parties' "fair notice and an opportunity to present their positions.").

Movant will be directed to show cause why the claims raised in the § 2255 Motion should not be dismissed as procedurally barred.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that Movant shall show cause, in writing, **within thirty days of this Order**, why the claims asserted in the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 42] should not be DENIED as time-barred

under 28 U.S.C. § 2255(f), and/or procedurally barred.  It is further

**ORDERED** that, if Movant fails to respond to this Order by the court-ordered

deadline, the § 2255 Motion will be denied without further notice.

DATED January 29, 2019.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
