IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00140-PAB
(Criminal Case No. 16-cr-00022-PAB)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTHONY MICHAEL SALAZAR,

      Defendant/Movant.

_____

## ORDER DENYING § 2255 MOTION
_____

      Movant Anthony Michael Salazar has filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (§ 2255 Motion) [Docket No. 42].[1] The Court construes the § 2255 Motion liberally because Mr. Salazar is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 2255 Motion is dismissed as untimely.

## I. BACKGROUND AND PROCEDURAL HISTORY

      On March 16, 2015, Mr. Salazar was placed on supervision by the United States District Court for the District of Utah. Docket No. 22. Following a conviction for Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a), he was sentenced to

_____

[1] An identical § 2255 motion was filed on January 18, 2019. Docket No. 43.

a 12-month term of imprisonment followed by five years of supervised release. Docket No. 1-2. Supervision commenced in the District of Utah on July 22, 2015 and was transferred to the District of Colorado on January 15, 2016. Docket No. 1. On September 20, 2016, a United States Probation Officer filed a Superseding Petition Due to Violations of Supervision ("Petition"). Docket No. 22. The Petition alleged five violations, including, *inter alia*, Violation of Law, a Grade B violation of supervised release under United States Sentencing Guidelines Section 7, "Certain Activities Relating to Material Constituting or Containing Child Pornography in violation of 18 U.S.C § 2252A." *Id.* at 3. Mr. Salazar admitted to the violation and the Government withdrew the remaining four violations. *See* Docket Nos. 38, 39 and 40. On March 6, 2017, Mr. Salazar was sentenced to a 60-month term of imprisonment to be followed by a five-year term of supervised release. Docket No. 40. He did not file a direct appeal.

Mr. Salazar filed a § 2255 Motion on January 15, 2019. Docket No. 42. In the Motion, he asks the Court to vacate the period of supervised release on the basis that the Court had no jurisdiction to impose it. *Id.* at 3. Specifically, Mr. Salazar asserts that "[t]he revocation of [his] supervised release was a continuation of the original criminal action, not a separate proceeding" and, therefore, "the court could not impose another five years supervised release after imposing a five year sentence after revoking his supervised release." *Id.* at 9. He also challenges the constitutionality of the five-year sentence under *United States v. Haymond*, 869 F.3d 1153 (10th Cir. 2017), *cert.*

*granted*, 139 S. Ct. 398 (Oct. 26, 2018).[2]  *Id.* at 24.  In the alternative, Mr. Salazar

argues that the conditions of his supervised release must be modified.  *Id.* at 10-23.

On January 29, 2019, the Court issued an order directing Mr. Salazar to show

cause in writing within thirty days why the § 2255 Motion should not be denied as

untimely or as procedurally barred.  Docket No. 45.  Mr. Salazar filed a response to the

show cause order on February 25, 2019.  Docket No. 46.

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions

to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of --

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Mr. Salazar did not file a direct appeal, his conviction became final,

under § 2255(f)(1), on March 20, 2017, fourteen days after the judgment was entered

---

[2] In *Haymond*, the Tenth Circuit held that 18 U.S.C. § 3583(k), which mandates revocation of supervised release and imprisonment of no less than five years for the commission of certain crimes by defendants required to register under the Sex Offender Registration and Notification Act, violates the Fifth and Sixth Amendments.  869 F.3d at 1164-67.

on March 6, 2017. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). The one-year limitation period expired on March 20, 2018. S*ee United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)). Consequently, the § 2255 motion, filed on January 15, 2019, is untimely, unless equitable tolling applies.

The statutory limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if a movant can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Grealish*, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)). The movant must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted). The movant bears the burden of demonstrating that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also U.S. v. Garcia-Rodriguez*, 275 F. App'x 782, 784 (10th Cir. April 28, 2008) (unpublished) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

In his response to the order to show cause, Mr. Salazar does not dispute that he failed to meet the statutory deadline in § 2255(f)(1) or argue that the limitation period

commenced later than the date his conviction was final.  Docket No. 46.  Instead, Mr. Salazar maintains that he is entitled to equitable tolling because trial counsel refused to file a direct appeal and failed "to give documents in his file so he could appeal or tell him how to file . . . an effective § 2255."  *Id.* at 2.  He also contends that "further factual consideration is needed to determine whether counsel's failure to timely file the petition, to correctly determine the deadline, and to respond to petitioner's many requests for information warranted equitable tolling."  *Id.*

The one-year limitation period may be subject to equitable tolling when "serious instances of attorney misconduct" have occurred.  *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (addressing one-year limitation period for habeas petitions filed by state prisoners).  *See also Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (same).  However, "a garden variety claim of excusable neglect" does not suffice.  *Holland*, 560 U.S. at 651-52 (internal quotation marks and citation omitted).  "[C]lients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures."  *Fleming,* 481 F.3d at 1255-56 (internal citation omitted).  Therefore, "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling," including a mistake by counsel in interpreting the applicable statute of limitations.  *Id*. at 1256 (citation omitted).

In *Fleming*, the habeas petitioner sought equitable tolling because, during a thirteen-month period of time, his post-conviction counsel "deceived him into believing that he was actively pursuing Mr. Fleming's legal remedies when, in fact, he was not."  481 F.3d at 1256.  The petitioner hired counsel nearly a year

before the deadline expired, contacted his counsel repeatedly during that time, and counsel "repeatedly assured" the petitioner that filing was forthcoming. *Id.* Ultimately, the petitioner prepared his own habeas petition and submitted it to counsel before the one-year limitation period; however, counsel failed to file the petition until after the statutory deadline passed. *Id.* The Tenth Circuit held that these circumstances constituted egregious attorney misconduct sufficient to warrant an evidentiary hearing to determine whether the petitioner was entitled to equitable tolling. *Id.* at 1256-57.

In the present case, Mr. Salazar does not state specific facts to demonstrate a reasonable belief that the attorney appointed to represent him in connection with the charged supervised release violations would assist him in filing a § 2255 Motion. *See* 18 U.S.C. § 3006A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, . . ."). *Cf. United States v. Gonzalez-Arenas*, No. 04-cr-00282-REB, 2016 WL 10859436 at *4 (D. Colo. April 22, 2016) (distinguishing *Fleming* on the ground that Mr. Gonzalez-Arenas had no reasonable basis to believe that an attorney was acting as his counsel for purposes of filing a § 2255 motion, where counsel did not make any promises to the petitioner to represent him or file a motion on his behalf). Moreover, Mr. Salazar does not explain why he needed access to documents in his case file to raise the claims asserted in his § 2255 Motion. The Court finds that Mr. Salazar has failed to raise a colorable claim that extraordinary circumstances prevented him from filing a timely § 2255 motion.

In addition, Mr. Salazar fails to establish that he pursued his claims with

6

due diligence before the one-year limitation period expired, especially where there are no facts to suggest that court-appointed counsel's representation extended to the filing of a § 2255 motion. *See United States v. Halcrombe*, 700 F. App'x 810, 816 (10th Cir. July 6, 2017) (unpublished) (concluding that movant did not demonstrate due diligence in filing a § 2255 motion, where movant asserted that trial counsel "abandoned" him on direct appeal, but movant did not explain how the alleged abandonment caused him to wait for three years to file a § 2255 motion; and movant failed to allege that trial counsel's representation extended to the filing of a § 2255 motion) (citing cases). *Cf. Holland,* 560 U.S. at 653 (finding petitioner had demonstrated diligent pursuit of his federal claims where petitioner "wrote [the attorney appointed to represent him in all state and federal postconviction proceedings] numerous letters seeking crucial information and providing direction; . . . repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have" his attorney removed from his case; and "prepared his own habeas petition pro se and promptly filed it with the District Court" the day he discovered that the AEDPA time limitation had expired due to his attorney's failings).

Moreover, a *pro se* prisoner's ignorance of the law does not entitle him to equitable tolling of the limitation period. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (quotation omitted); *see also Yang,* 525 F.3d at 929-30; *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000).

Mr. Salazar also claims actual innocence as a basis for equitable tolling. Docket No. 46 at 3. Equitable tolling may be appropriate where the movant can demonstrate

actual innocence. *See United States v. Messer*, 749 F. App'x 719, 725 (10th Cir. Sept. 13, 2018) (citing *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003)). To establish a credible claim of actual innocence, the movant must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The movant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Importantly, "actual innocence means factual innocence, not mere legal insufficiency." *United States v. Bousley*, 523 F.3d 614, 615 (1998).

Mr. Salazar asserts in his response to the order to show cause that he is "actually innocent of any sentence above his statutory maximum." Docket No. 46 at 3. However, this contention challenges the legal sufficiency of his sentence and does not demonstrate that he is innocent of the underlying offense.

Finally, Mr. Salazar suggests that the merits of his § 2255 Motion must be heard, regardless of whether the motion is untimely, because the Court lacked jurisdiction to impose an unconstitutional sentence under the Tenth Circuit's decision in *Haymond*. Docket No. 46 at 3-5. This argument ignores the plain language of the statute. A federal prisoner can move the court to vacate, set aside, or correct a sentence on the ground that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

to collateral attack." 28 U.S.C. § 2255(a). A motion filed under § 2255(a) is subject to the one-year limitation period of § 2255(f), regardless of the claim raised.

In sum, the Court finds that the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1) and Mr. Salazar has failed to demonstrate an entitlement to equitable tolling. Consequently, the § 2255 Motion will be dismissed.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When the district court denies relief on procedural grounds, the movant seeking a certificate of appealability must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2353(c)(2)). The Court denies Mr. Salazar a certificate of appealability because jurists of reason would not debate the correctness of the Court's ruling that the § 2255 Motion is untimely. Accordingly, it is

**ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 42], filed by Anthony Michael Salazar *pro se* on January 15, 2019, is DENIED as untimely. It is further

**ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 43] filed on January 18, 2019 is DENIED as duplicative. It is further

**ORDERED** that the Motion for Immediate Consideration [Docket No. 44] is DENIED as unnecessary. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED March 12, 2019.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge